UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRIA FERNANDES,

                Plaintiff,

-v-

                CIVIL ACTION NO.: 23 Civ. 3078 (SLC)

GARY A. HERJO,

                **ORDER**

                Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the telephone conference held today, February 7, 2024, the Court orders as follows:

1. The discovery schedule is EXTENDED as follows:

   a. Fact discovery shall be completed **March 15, 2024**.

   b. By **March 22, 2024**, the parties shall file a joint letter certifying the completion of fact discovery.

   c. Expert discovery shall be completed by **April 16, 2024**.

   d. By **April 23, 2024**, the parties shall file a joint letter certifying the completion of expert discovery.

2. The parties shall promptly meet and confer and, by **February 14, 2024**, file a joint letter (the "Letter") advising whether they intend to pursue settlement and, if so, whether they plan to engage in direct negotiations or request a referral to the Court-annexed Mediation Program or to another Magistrate Judge for a settlement conference.

3. In the Letter, Defendant shall also state each party's place of <u>domicile</u>, <u>i.e.</u>, "the place where [they have their] true fixed home and principal establishment, and to which, whenever [they are] absent, [they have] the intention of returning." <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000). Defendant's prior representation regarding the parties' places of residence (<u>see</u> ECF No. 22) is not sufficient to establish the Court's subject-matter jurisdiction over this action. See <u>Van Buskirk v. United Grp. of Companies, Inc.</u>, 935 F.3d 49, 53 (2d Cir. 2019). ("[R]esidence alone is insufficient to establish domicile for jurisdictional purposes.").

Dated:  New York, New York
        February 7, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**